Bradley F. Piscadlo, OSB No. 071639
bfp@hs-legal.com
Ramon Henderson, OSB No. 183579
rh@hs-legal.com
HODGKINSON STREET MEPHAM LLC
1620 SW Taylor, Suite 350
Portland, Oregon 97205
Telephone: (503) 222-1143
Fax: (503) 222-1296

Of Attorneys for Defendant City of Wheeler

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RICHARD BUCHANAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WHEELER,<br><br>Defendant. | Case No.: 3:23-cv-671<br><br>**DEFENDANT CITY OF WHEELER'S NOTICE OF REMOVAL**<br><br>Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 (Federal Question)<br><br>Tillamook County Case No. 23CV10073 |

**TO: UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON; CLERK OF THE TILLAMOOK COUNTY CIRCUIT COURT; AND GEORGE A. MCCOY AND WARREN ALLEN LLP, ATTORNEYS FOR PLAINTIFF:**

PLEASE TAKE NOTICE that defendant City of Wheeler (hereinafter "defendant") hereby removes this case, currently pending in the Circuit Court for the County of Tillamook, to the United States District Court for the District of Oregon, Portland Division. As grounds for removal, defendant respectfully states the following:

### BACKGROUND, RELEVANT FACTS AND TIMELINESS

Plaintiff Richard Buchanan (hereinafter "plaintiff") commenced this action in the Tillamook County Circuit Court. On April 5, 2023, defendant was served with a Summons and Complaint captioned *Richard Buchanan v. City of Wheeler*, Tillamook County Circuit Court Case No. 23CV10073. *See* Exhibit 1, p. 7 – Proof of Service. Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings, and orders" delivered to defendant are attached as Exhibit 1.

Hodgkinson
Street, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

The Complaint contains allegations relating to defendant's purported inverse condemnation of plaintiff's property in violation of the Firth and Fourteenth Amendments of the United States Constitution and Article I, section 18 of the Oregon Constitution. Exhibit 1, p. 5, ¶ 22 – Compl. Plaintiff's Complaint also contains allegations of negligence and nuisance related to plaintiff's inverse condemnation claims. *Id.* ¶¶ 18-19 and 28-30.

This Notice of Removal is timely under 28 U.S.C. §1446(b) because it is filed within 30 days of plaintiff's purported service of defendants on April 5, 2023.

## VENUE AND JURISDICTION

Jurisdiction is proper in this court under 28 U.S.C. §§ 117, 1441(a), and 1446(a) because the Circuit Court of the State of Oregon for Tillamook County, where the Complaint was filed, is a state court within the District of Oregon. Pursuant to 28 U.S.C. § 1446(a), this matter is to be removed to the district court of the United States for the district and division within which the state court action is pending. By filing this pleading, this defendant does not waive its right to assert any defenses or file any motions, including, but not limited to, motions based on improper, incorrect, or inconvenient venue.

This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because plaintiff's Complaint arises under the Fifth and Fourteenth Amendments to the United States Constitution. This Court has supplemental jurisdiction over the subject matter of this action under 28 U.S.C. § 1367(a) because plaintiff's claims arising under state law are so related to the claims in this action within this Court's original jurisdiction that "they form part of the same case or controversy under Article III of the United States Constitution."

## PROCEDURAL REQUIREMENTS

1.    <u>Removal to Proper Court:</u> The action is removable to this Court because this district embraces Tillamook County, Oregon, where the State Court Action is now pending.

2.    <u>Removal is Timely:</u> Defendant City of Wheeler was served with the Summons and Complaint on April 5, 2023. Exhibit 1, p. 8 – Proof of Service. This Notice of Removal, filed on May 5, 2023 is within 30 days of service of Plaintiff's Complaint. Therefore, pursuant to 28

Page 2 – **DEFENDANT CITY OF WHEELER'S NOTICE OF REMOVAL**

Hodgkinson Street, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

U.S.C. § 1446(b), this Notice of Removal is timely. *See Murphy Bros. Inc. v. Michetti Pope Stringing Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). Removal is proper based upon federal question jurisdiction and supplemental jurisdiction, and therefore the requirements of 28 U.S.C. §§ 1331, 1367, 1441(a), and 1446 are met, and the entire case may be removed to this Court.

3.    <u>Pleadings and Process:</u> Attached as Exhibit 1is a copy of all process, pleadings, and orders received by defendant concerning the State Court Action. *See* 28 U.S.C. 1446(a). No further proceedings have occurred in the Circuit Court of the State of Oregon for Tillamook County as of the date of this removal.

4.    <u>Notice:</u> A copy of the Notice to Tillamook County Circuit Court Clerk and Adverse Party of Filing of Removal to Federal Court will be timely filed with the clerk of the state court in which the action is pending and served on plaintiff pursuant to 28 U.S.C. § 1446(a) and (d). Attached as Exhibit 2.

5.    <u>Consent:</u> Defendant City of Wheeler is the only defendant in this matter.

6.    <u>Signature:</u> This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C §§ 1331 and 1367, and the claims may be removed to this Court under 28 U.S.C. §§ 1441, and 1446.

In the event that plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, defendant respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of defendants' right to assert any motion or defense. Defendants reserve the right to assert all

Hodgkinson Street, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

applicable claims and defenses in response to the Complaint, including but not limited to, defenses based on lack of personal jurisdiction, improper venue, incorrect venue, inconvenient venue/forum, *non conveniens*, statute of limitations, contractual damage limitations, failure to state a claim upon which relief may be granted, or any other motions or defenses that may be available to these defendants.

These defendants hereby demand a trial by jury in the above-captioned action of all issues triable by jury.

WHEREFORE, defendant City of Wheeler removes this action from the Circuit Court for the State of Oregon, for the County of Tillamook, to the United States District Court for the District of Oregon, Portland Division.

DATED: May 5, 2023

HODGKINSON STREET, LLC


By: */s/ Ramon B. Henderson III*
Bradley F. Piscadlo, OSB No. 071639
bfp@hs-legal.com
Ramon B. Henderson III, OSB No. 183579
rh@hs-legal.com
(503) 222-1143
(503) 222-1296 (fax)
*Of Attorneys for Defendant City of Wheeler*

Page 4 – **DEFENDANT CITY OF WHEELER'S NOTICE OF REMOVAL**

Hodgkinson
Street, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Richard W. Buchanan | City of Wheeler |

| (b) County of Residence of First Listed Plaintiff   Tillamook | County of Residence of First Listed Defendant   Tillamook |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| George McCoy, Warren Allen LLP<br>10535 NE Glisan St, Portland, OR 97220<br>(503) 255-8836 | Brad Piscadlo & Ramon Henderson, Hodgkinson Street<br>Mepham, 1620 SW Taylor St, Ste. 350, Portland, OR 97205<br>(503) 222-1143 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act |
| **REAL PROPERTY**<br>☒ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fifth and Fourteenth Amendments to U.S. Constitution

Brief description of cause:
Inverse condemnation claim under Fifth and Fourteenth Amendments to US Constitution and Article I, section 18 to Oregon Constitution

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   $740,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*

JUDGE _____ DOCKET NUMBER _____

DATE   May 5, 2023

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 04/21)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 (b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 (c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

1

2

3

4         IN THE CIRCUIT COURT OF THE STATE OF OREGON

5              FOR THE COUNTY OF TILLAMOOK

6

7   RICHARD W. BUCHANAN,                    Case No.    23CV10073

8                              Plaintiff,   **COMPLAINT**
                                            (Negligence, Inverse Condemnation,
             v.                             Nuisance)
9
    CITY OF WHEELER,                         Claim for $740,000.00
10                                           ORS 21.160(1)(c) filing fee of $594

11                             Defendant.   NOT SUBJECT TO MANDATORY
                                            ARBITRATION
12

13         COMES NOW, Plaintiff Richard W. Buchanan, (hereinafter referred to as "Plaintiff"),

14   and alleges as follows:

15                                      1.

16         At all material times, Plaintiff owns the residence located at 156 Akin Street, Wheeler,

17   Tillamook County, Oregon 97147, (hereinafter referred to as "Plaintiff's property").

18                                      2.

19         Defendant, City of Wheeler, (hereinafter referred to as "Defendant"), is a city

20   incorporated and existing under the laws of the State of Oregon and located in Tillamook County

21   along the coasts of the Pacific Ocean and the Nehalem River and is authorized to develop and

22   maintain streets, water, and storm drain facilities within its city limits located within Tillamook

23   County.

24                                      3.

25         At all material times, Defendant owned Upper Park, located on Second Street, off of

26   Rowe Street, Wheeler, Oregon 971474.

Page 1   COMPLAINT

WARREN ALLEN LLP
Attorneys at Law
10535 NE Glisan Street, Suite 200
Portland, Oregon 97220
Phone: 503-255-8795—Fax: 503-255-8836
Email: mccoy@warrenallen.com

Exhibit 1, page 001 of 025

4.

Plaintiff's property is located on the southwestern side of an isolated stretch of Akin Street that had been developed with a gravel roadway. The gravel roadway extends roughly 140 feet to the northwest from Second Street and provided access to Plaintiff's property and egress from Upper Park. Further to the northwest of Akin Street there is a steep slope sloping down towards First Street. To the northeast of Akin Street, there was a gravel parking area for the park.

5.

The slope between the utilized portions of Akin Street is about 110 feet in length at a grade of about forty percent. This slope is vegetated with grass and includes both active and abandoned utility pipes.

6.

Extending to the southeast from First Street, there is a short section of Akin Street that is used as a shared driveway to access a house located at 891 First Street. At the southeastern end of the shared driveway is a steep cut bank, rising roughly six feet.

7.

Sometime between 2017 and 2021, Second Street, Akin Street, and the Upper Park parking lot had been paved.

8.

Near the intersection of Second Street and Akin Street there are large bumps in the roadway. These bumps make driving difficult through the area. Civil engineers previously hired by Plaintiff believe the old wooden pipe in this area collapsed causing the road to settle and created the bumps.

9.

Currently, the stormwater run-off from Second Street, Akin Street, and the properties upslope from Plaintiff's property flows down Akin Street in front of Plaintiff's property. Some of the water enters Plaintiff's property and the remainder pools in the right-of-way and parking

WARREN ALLEN LLP
Attorneys at Law
10535 NE Glisan Street, Suite 200
Portland, Oregon 97220
Phone: 503-255-8795—Fax: 503-255-8836
Email: mccoy@warrenallen.com

area before going down the slope to the northwest. The pooling water eventually infiltrates into the soil or evaporates.

10.

Some of the stormwater is collected by basins that are located within Akin Street. From one of these basin's, collected water is piped to a shallow ditch on the northeast side of Akin Street, and eventually flows down the slope or into the next basin to the northwest. Water from this next basin is piped down the slope in the Akin Street right-of-way.

11.

One basin was located near Second Street, but it was completely covered over by gravel on or about October 21, 2016.

12.

The drainpipe is a combination of newer plastic pipe and very old wooden water pipe that is now used to convey stormwater. Civil engineers previously hired by Plaintiff stated that the pipe is clearly broken somewhere before reaching the base of the slope, thereby discharging all the collected water onto the slope. A visible break is located near the top of the cut bank at the base of the slope, where the stump of an alder tree is located. There are ground cracks in this portion of the slope and the stump has shifted. The water discharged on the surface is contributing to the ground movement.

13.

The paved surfaces (from when Second Street, Akin Street, and the Upper Park parking lot were paved) contribute to additional stormwater runoff on the slope, particularly within the Akin Street right of way.

14.

The ground movement caused by the discharged water has caused poorly consolidated surface soils, shallow slope movement, and settlement of the slope, causing cracks and damage to the foundation of Plaintiff's house. On or about October 27, 2022, several cracks in the

Page 3     COMPLAINT

WARREN ALLEN LLP
Attorneys at Law
10535 NE Glisan Street, Suite 200
Portland, Oregon 97220
Phone: 503-255-8795—Fax: 503-255-8836
Email: mccoy@warrenallen.com

foundation "stemwall" of Plaintiff's house were recorded, the separation in the cracks were approximately 1/16" to 1/8" inches wide.

15.

Defendant was on notice or should have known that the water pipes were corroded, clogged, or otherwise in disrepair and in need of maintenance or replacement.

16.

No one other than Defendant, its employees or agent had access to the section of pipe in question. Defendant had sole control and management of the pipes which caused damage to Plaintiff's property.

**FIRST CLAIM FOR RELIEF**
**(Negligence)**

17.

Plaintiff realleges paragraphs 1 through 16 above.

18.

Defendant was negligent in one or more of the following particulars:

a) In failing to properly inspect, discover, maintain, and repair the water pipes under the street and causing damaging ground movement on Plaintiff's property;

b) In failing to exercise adequate control and management of the water main system;

c) In failing to detect and take ameliorative steps to stop the flooding before substantial damages occurred; and

d) In failing to divert the water flow after paving Second Street, Akin Street, and the Upper Park parking lot, thereby causing further stormwater runoff to flow onto the slope causing further ground movement and further damage to Plaintiff's property.

WARREN ALLEN LLP
Attorneys at Law
10535 NE Glisan Street, Suite 200
Portland, Oregon 97220
Phone: 503-255-8795—Fax: 503-255-8836
Email: mccoy@warrenallen.com

Exhibit 1, page 004 of 025

19.

As a direct and proximate results of the negligence of Defendant, Plaintiff was prevented from full use of his property, which was damaged by the ground movement caused by the discharged water, thus causing poorly consolidated surface soils, shallow slope movement, and settlement of the slope, creating cracks and damage to the foundation of Plaintiff's house, and reducing the value of his property all to his economic damage in the amount of $500,000, exact value to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**(Inverse Condemnation)**

20.

Plaintiff realleges paragraph 1 through 19 above.

21.

For the second claim of relief for inverse condemnation against Defendant, Plaintiff further alleges:

22.

The acts and omissions of Defendant as heretofore alleged constituted a taking and appropriation of Plaintiff's private property without first purchasing or condemning it in violation of Article I, section 18 of the Oregon Constitution and the Fifth and Fourteenth Amendments of the United States Constitution.

23.

As a result of Defendant's taking of Plaintiff's property, it has been substantially damaged and reduced in value by no less than $120,000, the exact value to be determined at trial.

24.

Pursuant to ORS 20.085, Plaintiff is entitled to his reasonable attorney fees incurred herein.

///

Page 5    COMPLAINT

Warren Allen LLP
Attorneys at Law
10535 NE Glisan Street, Suite 200
Portland, Oregon 97220
Phone: 503-255-8795—Fax: 503-255-8836
Email: mccoy@warrenallen.com

Exhibit 1, page 005 of 025

1

25.

2

Plaintiff is also entitled to interest at the rate of 9% per annum on the just compensation

3

due from the date Defendant took his property set forth above until paid.

4

5

**THIRD CLAIM FOR RELIEF**
**(Nuisance)**

6

26.

7

Plaintiff realleges paragraphs 1 through 25 above.

8

27.

9

For a third claim for relief, for nuisance, Plaintiff further alleges:

10

28.

11

12

Defendant's acts and omissions were substantial and unreasonable, causing discomfort

13

and inconvenience and significant interference with Plaintiff's use and enjoyment of his

14

property, all to his damage in the sum of no less than $120,000.

15

29.

16

Defendant knew or should have known that their acts and omissions would cause

17

damages to Plaintiff.

18

30.

19

The ground movement caused by the discharged water has caused poorly consolidated

20

surface soils, shallow slope movement, and settlement of the slope, was an actionable invasion of

21

Plaintiff's interest in the use and enjoyment of his land, constituting a nuisance.

///

22

///

23

///

24

///

25

///

26

Page 6    COMPLAINT

WARREN ALLEN LLP
Attorneys at Law
10535 NE Glisan Street, Suite 200
Portland, Oregon 97220
Phone: 503-255-8795—Fax: 503-255-8836
Email: mccoy@warrenallen.com

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

1.  Economic damages in the amount of $740,000;

2.  Costs and fees incurred herein; and

3.  Any and all other such relief the court deems just and equitable.

DATED this 8th day of March, 2023.

WARREN ALLEN LLP

By:    /s/ George A. McCoy
George A. McCoy, OSB No. 101256
E: mccoy@*warrenallen.com*
Of Attorneys for Plaintiff

Page 7    COMPLAINT

WARREN ALLEN LLP
Attorneys at Law
10535 NE Glisan Street, Suite 200
Portland, Oregon 97220
Phone: 503-255-8795—Fax: 503-255-8836
Email: mccoy@warrenallen.com



# TILLAMOOK COUNTY SHERIFF'S OFFICE
## CONSERVATORS OF THE PEACE

### Sheriff Joshua Brown

_Verified Correct Copy of Original 4/6/2023._

| | | |
|---|---|---|
| STATE OF OREGON | ) | Court Case No: 23CV:10073 |
| County of Tillamook | ) | Sheriff's Case No: 23000296 |

### Sheriff's Return

I hereby certify that I served the within Summons, Complaint within the County and State, on the 5th day of April, 2023 at 10:34 AM, on the within MARY JOHNSON-WHEELER CITY MANAGER at 775 NEHALEM BLVD Wheeler, OR 97147, personally and in person, by delivering a true copy thereof.

Note:

I hereby declare the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

JOSHUA R. BROWN, Sheriff
Tillamook County, Oregon

Dated the 5th day of April, 2023.

By: *Christoph J Rondeau*

   Deputy Christopher Rondeau  214

   Fee: $50.00

Verified Correct Copy of Original 4/6/2023.

# IN THE CIRCUIT COURT OF THE STATE OF OREGON

4 - 4 '23 9 :52

### For the County of Tillamook

| | |
|---|---|
| RICHARD W. BUCHANAN, | Case No. 23CV10073 |
| Plaintiff, | |
| v. | SUMMONS |
| CITY OF WHEELER, | |
| Defendant. | |

**TO:** City of Wheeler, 775 Nehalem Blvd., Wheeler, Oregon 97147.

You are hereby required to appear and defend the Complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this Summons upon you, and in case of your failure to do so, for want thereof, Plaintiff will apply to the court for the relief demanded in the Complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!
You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have questions, you should see an attorney immediately. If you need help in finding an attorney you may contact the Oregon State Bar's Lawyer Referral Service online at www.OregonStateBar.org or by calling (503) 684-3763 in the Portland metropolitan area, or toll-free elsewhere in Oregon at (800) 452-7636.

_s/ George A. McCoy_
George A. McCoy, OSB No. 101256
Of Attorneys for Plaintiff

**STATE OF OREGON** ) ss.
County of Multnomah )

I, the undersigned attorney of record for the Plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

George A. McCoy, OSB No. 101256

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:** You are hereby directed to serve a true copy of this summons, together with a true copy of the Complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

Post office address at which papers in the above entitled action may be served by mail.

_s/ George A. McCoy_
George A. McCoy, OSB No. 101256
Of Attorneys for Plaintiff

Attorneys for Plaintiff
10535 NE Glisan St., Ste. 200
Portland, Oregon 97220
(503) 255-8795

4 - 4 '23 9 :53

1

2

3

4 IN THE CIRCUIT COURT OF THE STATE OF OREGON

5 FOR THE COUNTY OF TILLAMOOK

6

| RICHARD W. BUCHANAN, | Case No.    23CV10073 |
|---|---|
| Plaintiff, | **COMPLAINT**<br>(Negligence, Inverse Condemnation, Nuisance) |
| v. | |
| CITY OF WHEELER, | Claim for $740,000.00<br>ORS 21.160(1)(c) filing fee of $594 |
| Defendant. | NOT SUBJECT TO MANDATORY ARBITRATION |

13    COMES NOW, Plaintiff Richard W. Buchanan, (hereinafter referred to as "Plaintiff"),

14 and alleges as follows:

15                                              1.

16    At all material times, Plaintiff owns the residence located at 156 Akin Street, Wheeler,

17 Tillamook County, Oregon 97147, (hereinafter referred to as "Plaintiff's property").

18                                              2.

19    Defendant, City of Wheeler, (hereinafter referred to as "Defendant"), is a city

20 incorporated and existing under the laws of the State of Oregon and located in Tillamook County

21 along the coasts of the Pacific Ocean and the Nehalem River and is authorized to develop and

22 maintain streets, water, and storm drain facilities within its city limits located within Tillamook

23 County.

24                                              3.

25    At all material times, Defendant owned Upper Park, located on Second Street, off of

26 Rowe Street, Wheeler, Oregon 971474.

Page 1    COMPLAINT

WARREN ALLEN LLP
Attorneys at Law
10535 NE Glisan Street, Suite 200
Portland, Oregon 97220
Phone: 503-255-8795—Fax: 503-255-8836
Email: mccoy@warrenallen.com

Verified Correct Copy of Original 4/6/2023.

_ Verified Correct Copy of Original 4/6/2023. _

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4.

Plaintiff's property is located on the southwestern side of an isolated stretch of Akin Street that had been developed with a gravel roadway. The gravel roadway extends roughly 140 feet to the northwest from Second Street and provided access to Plaintiff's property and egress from Upper Park. Further to the northwest of Akin Street there is a steep slope sloping down towards First Street. To the northeast of Akin Street, there was a gravel parking area for the park.

5.

The slope between the utilized portions of Akin Street is about 110 feet in length at a grade of about forty percent. This slope is vegetated with grass and includes both active and abandoned utility pipes.

6.

Extending to the southeast from First Street, there is a short section of Akin Street that is used as a shared driveway to access a house located at 891 First Street. At the southeastern end of the shared driveway is a steep cut bank, rising roughly six feet.

7.

Sometime between 2017 and 2021, Second Street, Akin Street, and the Upper Park parking lot had been paved.

8.

Near the intersection of Second Street and Akin Street there are large bumps in the roadway. These bumps make driving difficult through the area. Civil engineers previously hired by Plaintiff believe the old wooden pipe in this area collapsed causing the road to settle and created the bumps.

9.

Currently, the stormwater run-off from Second Street, Akin Street, and the properties upslope from Plaintiff's property flows down Akin Street in front of Plaintiff's property. Some of the water enters Plaintiff's property and the remainder pools in the right-of-way and parking

Page 2    COMPLAINT

WARREN ALLEN LLP
Attorneys at Law
10535 NE Glisan Street, Suite 200
Portland, Oregon 97220
Phone: 503-255-8795—Fax: 503-255-8836
Email: mccoy@warrenallen.com

_ Verified Correct Copy of Original 4/6/2023 _

area before going down the slope to the northwest. The pooling water eventually infiltrates into the soil or evaporates.

10.

Some of the stormwater is collected by basins that are located within Akin Street. From one of these basin's, collected water is piped to a shallow ditch on the northeast side of Akin Street, and eventually flows down the slope or into the next basin to the northwest. Water from this next basin is piped down the slope in the Akin Street right-of-way.

11.

One basin was located near Second Street, but it was completely covered over by gravel on or about October 21, 2016.

12.

The drainpipe is a combination of newer plastic pipe and very old wooden water pipe that is now used to convey stormwater. Civil engineers previously hired by Plaintiff stated that the pipe is clearly broken somewhere before reaching the base of the slope, thereby discharging all the collected water onto the slope. A visible break is located near the top of the cut bank at the base of the slope, where the stump of an alder tree is located. There are ground cracks in this portion of the slope and the stump has shifted. The water discharged on the surface is contributing to the ground movement.

13.

The paved surfaces (from when Second Street, Akin Street, and the Upper Park parking lot were paved) contribute to additional stormwater runoff on the slope, particularly within the Akin Street right of way.

14.

The ground movement caused by the discharged water has caused poorly consolidated surface soils, shallow slope movement, and settlement of the slope, causing cracks and damage to the foundation of Plaintiff's house. On or about October 27, 2022, several cracks in the

Page 3    COMPLAINT

WARREN ALLEN LLP
Attorneys at Law
10535 NE Glisan Street, Suite 200
Portland, Oregon 97220
Phone: 503-255-8795—Fax: 503-255-8836
Email: mccoy@warrenallen.com

_Verified Correct Copy of Original 4/6/2023_

foundation "stemwall" of Plaintiff's house were recorded, the separation in the cracks were approximately 1/16" to 1/8" inches wide.

### 15.

Defendant was on notice or should have known that the water pipes were corroded, clogged, or otherwise in disrepair and in need of maintenance or replacement.

### 16.

No one other than Defendant, its employees or agent had access to the section of pipe in question. Defendant had sole control and management of the pipes which caused damage to Plaintiff's property.

## FIRST CLAIM FOR RELIEF
### (Negligence)

### 17.

Plaintiff realleges paragraphs 1 through 16 above.

### 18.

Defendant was negligent in one or more of the following particulars:

a)  In failing to properly inspect, discover, maintain, and repair the water pipes under the street and causing damaging ground movement on Plaintiff's property;

b)  In failing to exercise adequate control and management of the water main system;

c)  In failing to detect and take ameliorative steps to stop the flooding before substantial damages occurred; and

d)  In failing to divert the water flow after paving Second Street, Akin Street, and the Upper Park parking lot, thereby causing further stormwater runoff to flow onto the slope causing further ground movement and further damage to Plaintiff's property.

Page 4    COMPLAINT

WARREN ALLEN LLP
Attorneys at Law
10535 NE Glisan Street, Suite 200
Portland, Oregon 97220
Phone: 503-255-8795---Fax: 503-255-8836
Email: mccoy@warrenallen.com

Verified Correct Copy of Original 4/6/2023.

19.

As a direct and proximate results of the negligence of Defendant, Plaintiff was prevented from full use of his property, which was damaged by the ground movement caused by the discharged water, thus causing poorly consolidated surface soils, shallow slope movement, and settlement of the slope, creating cracks and damage to the foundation of Plaintiff's house, and reducing the value of his property all to his economic damage in the amount of $500,000, exact value to be proven at trial.

### SECOND CLAIM FOR RELIEF
### (Inverse Condemnation)

20.

Plaintiff realleges paragraph 1 through 19 above.

21.

For the second claim of relief for inverse condemnation against Defendant, Plaintiff further alleges:

22.

The acts and omissions of Defendant as heretofore alleged constituted a taking and appropriation of Plaintiff's private property without first purchasing or condemning it in violation of Article I, section 18 of the Oregon Constitution and the Fifth and Fourteenth Amendments of the United States Constitution.

23.

As a result of Defendant's taking of Plaintiff's property, it has been substantially damaged and reduced in value by no less than $120,000, the exact value to be determined at trial.

24.

Pursuant to ORS 20.085, Plaintiff is entitled to his reasonable attorney fees incurred herein.

///

Page 5    COMPLAINT

WARREN ALLEN LLP
Attorneys at Law
10535 NE Glisan Street, Suite 200
Portland, Oregon 97220
Phone: 503-255-8795---Fax: 503-255-8836
Email: mccoy@warrenallen.com

Verified Correct Copy of Original 4/6/2023.

25.

Plaintiff is also entitled to interest at the rate of 9% per annum on the just compensation due from the date Defendant took his property set forth above until paid.

### THIRD CLAIM FOR RELIEF
### (Nuisance)

26.

Plaintiff realleges paragraphs 1 through 25 above.

27.

For a third claim for relief, for nuisance, Plaintiff further alleges:

28.

Defendant's acts and omissions were substantial and unreasonable, causing discomfort and inconvenience and significant interference with Plaintiff's use and enjoyment of his property, all to his damage in the sum of no less than $120,000.

29.

Defendant knew or should have known that their acts and omissions would cause damages to Plaintiff.

30.

The ground movement caused by the discharged water has caused poorly consolidated surface soils, shallow slope movement, and settlement of the slope, was an actionable invasion of Plaintiff's interest in the use and enjoyment of his land, constituting a nuisance.

///
///
///
///
///

Page 6    COMPLAINT

WARREN ALLEN LLP
Attorneys at Law
10535 NE Glisan Street, Suite 200
Portland, Oregon 97220
Phone: 503-255-8795—Fax: 503-255-8836
Email: mccoy@warrenallen.com

Verified Correct Copy of Original 4/6/2023.

1

2

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

1.  Economic damages in the amount of $740,000;

2.  Costs and fees incurred herein; and

3.  Any and all other such relief the court deems just and equitable.

DATED this 8th day of March, 2023.

                                              **WARREN ALLEN LLP**

                                    By:    /s/ George A. McCoy
                                           George A. McCoy, OSB No. 101256
                                           E: mccoy@*warrenallen.com*
                                           Of Attorneys for Plaintiff

Page 7    COMPLAINT

WARREN ALLEN LLP
Attorneys at Law
10535 NE Glisan Street, Suite 200
Portland, Oregon 97220
Phone: 503-255-8795—Fax: 503-255-8836
Email: mccoy@warrenallen.com



# TILLAMOOK COUNTY SHERIFF'S OFFICE
## CONSERVATORS OF THE PEACE

### Sheriff Joshua Brown

STATE OF OREGON                )          Court Case No: 23CV10073
County of Tillamook            )          Sheriff's Case No: 23000295

## Sheriff's Return

I hereby certify that I served the within Summons, Complaint within the County and State, on the 19th day of April, 2023 at 10:35 AM, on the within DOUG HONEYCUTT-WHEELER CITY MAYOR, by delivering a true copy to, MARY JOHNSON- CITY MANAGER, the person apparently in charge of the office at 775 NEHALEM BLVD Wheeler, OR 97147, in the State of Oregon.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

JOSHUA R. BROWN, Sheriff
Tillamook County, Oregon

Dated the 20th day of April, 2023.

By: _Christopher J Poulsen_
         Deputy

Fee: $50.000

**RCP 7D(2)(c) Office service.**
*If the person to be served maintains an office for the conduct of business, office service may be made by leaving a true copy of the summons and the complaint at such office during normal working hours with the person who is apparently in charge. Where office service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed, by first class mail, a true copy of the summons and the complaint to the defendant at the defendant's dwelling house or usual place of abode or defendant's place of business or such other place under the circumstances that is most reasonably calculated to apprise the defendant of the existence and pendency of the action, together with a statement of the date, time, and place at which office service was made. For the purpose of computing any period of time prescribed or allowed by these rules or by statute, office service shall be complete upon such mailing.*

# IN THE CIRCUIT COURT OF THE STATE OF OREGON

### For the County of Tillamook

RICHARD W. BUCHANAN,

                **Plaintiff,**

      v.

CITY OF WHEELER,

              **Defendant.**

Case No. 23CV10073

**SUMMONS**

**TO:**   City of Wheeler, 775 Nehalem Blvd., Wheeler, Oregon 97147.

      You are hereby required to appear and defend the Complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this Summons upon you, and in case of your failure to do so, for want thereof, Plaintiff will apply to the court for the relief demanded in the Complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**
You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have questions, you should see an attorney immediately. If you need help in finding an attorney you may contact the Oregon State Bar's Lawyer Referral Service online at www.OregonStateBar.org or by calling (503) 684-3763 in the Portland metropolitan area, or toll-free elsewhere in Oregon at (800) 452-7636.

          *s/ George A. McCoy*

          George A. McCoy, OSB No. 101256
          Of Attorneys for Plaintiff

**STATE OF OREGON**   ) ss.
County of Multnomah   )

      I, the undersigned attorney of record for the Plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

          George A. McCoy, OSB No. 101256

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:** You are hereby directed to serve a true copy of this summons, together with a true copy of the Complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

Post office address at which papers in the above entitled action may be served by mail.

          *s/ George A. McCoy*

          George A. McCoy, OSB No. 101256
          Of Attorneys for Plaintiff

      Attorneys for Plaintiff
      10535 NE Glisan St., Ste. 200
      Portland, Oregon 97220
      (503) 255-8795

*Verified Correct Copy of Original 4/21/2023.*

3/8/2023 9:42 AM
23CV10073

4 - 4 '23 9 :53

Verified Correct Copy of Original 4/21/2023

1

2

3

4          IN THE CIRCUIT COURT OF THE STATE OF OREGON

5               FOR THE COUNTY OF TILLAMOOK

6

| | |
|---|---|
| 7   RICHARD W. BUCHANAN, | Case No.      23CV10073 |
| 8                    Plaintiff, | **COMPLAINT** (Negligence, Inverse Condemnation, Nuisance) |
| 9   v. | |
| 10  CITY OF WHEELER, | Claim for $740,000.00 ORS 21.160(1)(c) filing fee of $594 |
| 11                    Defendant. | NOT SUBJECT TO MANDATORY ARBITRATION |
| 12 | |

13          COMES NOW, Plaintiff Richard W. Buchanan, (hereinafter referred to as "Plaintiff"),

14  and alleges as follows:

15                                    1.

16          At all material times, Plaintiff owns the residence located at 156 Akin Street, Wheeler,

17  Tillamook County, Oregon 97147, (hereinafter referred to as "Plaintiff's property").

18                                    2.

19          Defendant, City of Wheeler, (hereinafter referred to as "Defendant"), is a city

20  incorporated and existing under the laws of the State of Oregon and located in Tillamook County

21  along the coasts of the Pacific Ocean and the Nehalem River and is authorized to develop and

22  maintain streets, water, and storm drain facilities within its city limits located within Tillamook

23  County.

24                                    3.

25          At all material times, Defendant owned Upper Park, located on Second Street, off of

26  Rowe Street, Wheeler, Oregon 971474.

Page 1     COMPLAINT

WARREN ALLEN LLP
Attorneys at Law
10535 NE Glisan Street, Suite 200
Portland, Oregon 97220
Phone: 503-255-8795—Fax: 503-255-8836
Email: mccoy@warrenallen.com

Verified Correct Copy of Original 4/21/2023.

**4.**

Plaintiff's property is located on the southwestern side of an isolated stretch of Akin Street that had been developed with a gravel roadway. The gravel roadway extends roughly 140 feet to the northwest from Second Street and provided access to Plaintiff's property and egress from Upper Park. Further to the northwest of Akin Street there is a steep slope sloping down towards First Street. To the northeast of Akin Street, there was a gravel parking area for the park.

**5.**

The slope between the utilized portions of Akin Street is about 110 feet in length at a grade of about forty percent. This slope is vegetated with grass and includes both active and abandoned utility pipes.

**6.**

Extending to the southeast from First Street, there is a short section of Akin Street that is used as a shared driveway to access a house located at 891 First Street. At the southeastern end of the shared driveway is a steep cut bank, rising roughly six feet.

**7.**

Sometime between 2017 and 2021, Second Street, Akin Street, and the Upper Park parking lot had been paved.

**8.**

Near the intersection of Second Street and Akin Street there are large bumps in the roadway. These bumps make driving difficult through the area. Civil engineers previously hired by Plaintiff believe the old wooden pipe in this area collapsed causing the road to settle and created the bumps.

**9.**

Currently, the stormwater run-off from Second Street, Akin Street, and the properties upslope from Plaintiff's property flows down Akin Street in front of Plaintiff's property. Some of the water enters Plaintiff's property and the remainder pools in the right-of-way and parking

Page 2    COMPLAINT

WARREN ALLEN LLP
Attorneys at Law
10535 NE Glisan Street, Suite 200
Portland, Oregon 97220
Phone: 503-255-8795—Fax: 503-255-8836
Email: mccoy@warrenallen.com

Verified Correct Copy of Original 4/21/2023.

area before going down the slope to the northwest. The pooling water eventually infiltrates into the soil or evaporates.

10.

Some of the stormwater is collected by basins that are located within Akin Street. From one of these basin's, collected water is piped to a shallow ditch on the northeast side of Akin Street, and eventually flows down the slope or into the next basin to the northwest. Water from this next basin is piped down the slope in the Akin Street right-of-way.

11.

One basin was located near Second Street, but it was completely covered over by gravel on or about October 21, 2016.

12.

The drainpipe is a combination of newer plastic pipe and very old wooden water pipe that is now used to convey stormwater. Civil engineers previously hired by Plaintiff stated that the pipe is clearly broken somewhere before reaching the base of the slope, thereby discharging all the collected water onto the slope. A visible break is located near the top of the cut bank at the base of the slope, where the stump of an alder tree is located. There are ground cracks in this portion of the slope and the stump has shifted. The water discharged on the surface is contributing to the ground movement.

13.

The paved surfaces (from when Second Street, Akin Street, and the Upper Park parking lot were paved) contribute to additional stormwater runoff on the slope, particularly within the Akin Street right of way.

14.

The ground movement caused by the discharged water has caused poorly consolidated surface soils, shallow slope movement, and settlement of the slope, causing cracks and damage to the foundation of Plaintiff's house. On or about October 27, 2022, several cracks in the

WARREN ALLEN LLP
Attorneys at Law
10535 NE Glisan Street, Suite 200
Portland, Oregon 97220
Phone: 503-255-8795—Fax: 503-255-8836
Email: mccoy@warrenallen.com

_Verified Correct Copy of Original 4/21/2023._

foundation "stemwall" of Plaintiff's house were recorded, the separation in the cracks were approximately 1/16" to 1/8" inches wide.

### 15.

Defendant was on notice or should have known that the water pipes were corroded, clogged, or otherwise in disrepair and in need of maintenance or replacement.

### 16.

No one other than Defendant, its employees or agent had access to the section of pipe in question. Defendant had sole control and management of the pipes which caused damage to Plaintiff's property.

## FIRST CLAIM FOR RELIEF
### (Negligence)

### 17.

Plaintiff realleges paragraphs 1 through 16 above.

### 18.

Defendant was negligent in one or more of the following particulars:

a) In failing to properly inspect, discover, maintain, and repair the water pipes under the street and causing damaging ground movement on Plaintiff's property;

b) In failing to exercise adequate control and management of the water main system;

c) In failing to detect and take ameliorative steps to stop the flooding before substantial damages occurred; and

d) In failing to divert the water flow after paving Second Street, Akin Street, and the Upper Park parking lot, thereby causing further stormwater runoff to flow onto the slope causing further ground movement and further damage to Plaintiff's property.

Page 4    COMPLAINT

WARREN ALLEN LLP
Attorneys at Law
10535 NE Glisan Street, Suite 200
Portland, Oregon 97220
Phone: 503-255-8795—Fax: 503-255-8836
Email: mccoy@warrenallen.com

19.

As a direct and proximate results of the negligence of Defendant, Plaintiff was prevented from full use of his property, which was damaged by the ground movement caused by the discharged water, thus causing poorly consolidated surface soils, shallow slope movement, and settlement of the slope, creating cracks and damage to the foundation of Plaintiff's house, and reducing the value of his property all to his economic damage in the amount of $500,000, exact value to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Inverse Condemnation)

20.

Plaintiff realleges paragraph 1 through 19 above.

21.

For the second claim of relief for inverse condemnation against Defendant, Plaintiff further alleges:

22.

The acts and omissions of Defendant as heretofore alleged constituted a taking and appropriation of Plaintiff's private property without first purchasing or condemning it in violation of Article I, section 18 of the Oregon Constitution and the Fifth and Fourteenth Amendments of the United States Constitution.

23.

As a result of Defendant's taking of Plaintiff's property, it has been substantially damaged and reduced in value by no less than $120,000, the exact value to be determined at trial.

24.

Pursuant to ORS 20.085, Plaintiff is entitled to his reasonable attorney fees incurred herein.

///

Page 5    COMPLAINT

WARREN ALLEN LLP
Attorneys at Law
10535 NE Glisan Street, Suite 200
Portland, Oregon 97220
Phone: 503-255-8795—Fax: 503-255-8836
Email: mccoy@warrenallen.com

Verified Correct Copy of Original 4/21/2023

Verified Correct Copy of Original 4/21/2023

25.

Plaintiff is also entitled to interest at the rate of 9% per annum on the just compensation due from the date Defendant took his property set forth above until paid.

**THIRD CLAIM FOR RELIEF**
**(Nuisance)**

26.

Plaintiff realleges paragraphs 1 through 25 above.

27.

For a third claim for relief, for nuisance, Plaintiff further alleges:

28.

Defendant's acts and omissions were substantial and unreasonable, causing discomfort and inconvenience and significant interference with Plaintiff's use and enjoyment of his property, all to his damage in the sum of no less than $120,000.

29.

Defendant knew or should have known that their acts and omissions would cause damages to Plaintiff.

30.

The ground movement caused by the discharged water has caused poorly consolidated surface soils, shallow slope movement, and settlement of the slope, was an actionable invasion of Plaintiff's interest in the use and enjoyment of his land, constituting a nuisance.

///
///
///
///
///

Page 6    COMPLAINT

WARREN ALLEN LLP
Attorneys at Law
10535 NE Glisan Street, Suite 200
Portland, Oregon 97220
Phone: 503-255-8795—Fax: 503-255-8836
Email: mccoy@warrenallen.com

Verified Correct Copy of Original 4/21/2023.

1  WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

2  1.  Economic damages in the amount of $740,000;

3  2.  Costs and fees incurred herein; and

4  3.  Any and all other such relief the court deems just and equitable.

5

6  DATED this 8th day of March, 2023.

7                                         **WARREN ALLEN LLP**

8                        By:    /s/ George A. McCoy
                                George A. McCoy, OSB No. 101256
9                               E: mccoy@*warrenallen.com*
                                Of Attorneys for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 7    COMPLAINT

WARREN ALLEN LLP
Attorneys at Law
10535 NE Glisan Street, Suite 200
Portland, Oregon 97220
Phone: 503-255-8795—Fax: 503-255-8836
Email: mccoy@warrenallen.com

1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                          FOR THE COUNTY OF TILLAMOOK

6    RICHARD BUCHANAN,                    Case No. 23CV10073

7          Plaintiff,                     **NOTICE TO TILLAMOOK COUNTY
                                          CIRCUIT COURT CLERK AND**
8          v.                             **ADVERSE PARTY OF FILING OF
                                          REMOVAL TO FEDERAL COURT**
9    CITY OF WHEELER,

10         Defendant.

11

12   **TO:  CLERK OF CIRCUIT COURT OF THE STATE OF OREGON FOR
          TILLAMOOK COUNTY AND TO PLAINTIFF AND HIS ATTORNEYS OF**
13   **RECORD, GEORGE A. MCCOY AND WARREN ALLEN LLP:**

14          PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United

15   States District Court for the District of Oregon, Portland Division, on May 5, 2023. A copy of

16   that Notice is attached as Exhibit A (without exhibits).

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

500956

Page 1 -  NOTICE TO TILLAMOOK COUNTY CIRCUIT COURT CLERK AND
          ADVERSE PARTY OF FILING OF REMOVAL TO FEDERAL COURT

Hodgkinson
Street
Mepham, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

Exhibit 2, page 001 of 002

1    PLEASE TAKE FURTHER NOTICE that, by the filing of such Notice and by the filing

2  herein of this notice to state court of removal to federal court, this action has been removed from

3  this Court to the United States District Court for the District of Oregon pursuant to 28 U.S.C. §§

4  1331, 1367, 1441(a), and 1446, and this Court may proceed no further unless and until the case is

5  remanded.

6      DATED: May 5, 2023.

7                                             HODGKINSON STREET MEPHAM, LLC

8

9                                             /s/ Ramon Henderson
                                         By: _____
10                                            Bradley F. Piscadlo, OSB No. 071639
                                            bfp@hs-legal.com
11                                            Ramon B. Henderson III, OSB No. 183579
                                            rh@hs-legal.com
12                                            (503) 222-1143
                                            (503) 222-1296 (fax)
13                                            *Of Attorneys for Defendant City of Wheeler*

14

15

16

17

18

19

20

21

22

23

24

25

26

500956

Page 2 -  NOTICE TO TILLAMOOK COUNTY CIRCUIT COURT CLERK AND
        ADVERSE PARTY OF FILING OF REMOVAL TO FEDERAL COURT

Hodgkinson
Street
Mepham, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

Exhibit 2, page 002 of 002

1                 **<u>CERTIFICATE OF SERVICE</u>**

2         I hereby certify that on the 5th day of May, 2023, I served the foregoing DEFENDANT

3   CITY OF WHEELER'S NOTICE OF REMOVAL on the following:

4               George McCoy
              Warren Allen, LLP
5               10535 NE Glisan Street, Suite 200
              Portland, OR 97220
6               P: (503) 255-8795
              F: (503) 255-8836
7               Email: mccoy@warrenallen.com:
              *Of Attorneys For Plaintiff Richard*
8               *W. Buchanan*

9

10

11   by the following indicated method(s):

12   [√ ] by **mailing** a full, true and correct copy thereof in a sealed first-class postage prepaid
    envelope, addressed to the foregoing attorney at the last known office address of the attorney,
13   and deposited with the United States Post Office at Portland, Oregon on the date set forth above.

14   [√] by emailing a full, true and correct copy thereof to the attorneys at the email addresses shown
    above, which are the last-known email addresses for the attorneys' offices on the date set forth
15   above.

16   [ ] by causing a full, true and correct copy thereof to be **hand delivered** to the attorney at the last
    known address listed above on the date set forth above.
17

    [ ] by sending a full, true and correct copy thereof via **overnight mail** in a sealed, prepaid
18   envelope, addressed to the attorney as shown above on the date set forth above.

19   [ ] by **faxing** a full, true and correct copy thereof to the attorney at the fax number shown above,
    which is the last-known fax number for the attorney's office on the date set forth above.
20

    [√]  by service through the Court's District of Oregon – Document Filing System.
21

22

                    */s/ Cathy Dickman*
23                   Cathy L. Dickman

24

25

26

Page 1 –     CERTIFICATE OF SERVICE

Hodgkinson Street Mepham, LLC

1620 SW Taylor
Suite 350
Portland OR 97205
(503) 222-1143
(503) 222-1296 (fax)